IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30370
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN D. JONES; RODERICK OLIVER,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-30019-1
- - - - - - - - - -

December 22, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Warren D. Jones and Roderick Oliver appeal their convictions
for various drug and firearms convictions.  The Government has
filed a motion to supplement the record on appeal.  The motion is
DENIED.

The defendants contend that the district court abused its
discretion in denying their severance motion.  Jones argues that
the district court abused its discretion in denying his motion

_____

[*]  Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

for a mistrial based on the Government's delay in disclosing one of his taped conversations.  Oliver contends that the district court should have granted his motion for acquittal pursuant to Fed. R. Crim. P. 29 based on the insufficiency of the evidence.  Oliver also argues that the district court erred in concluding that his confession during custodial interrogation was voluntary and therefore admissible at trial.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed.  The district court did not abuse its discretion in denying the defendants' motion for severance.  See United States v. Falkner, 17 F.3d 745, 759 (5th Cir. 1994).  The district court did not abuse its broad discretion by declining to employ the drastic remedy of granting Jones's motion for a mistrial.  See United States v. Bentley, 875 F.2d 1114, 1118 (5th Cir. 1989).  The evidence was sufficient for a reasonable jury to find Oliver guilty beyond a reasonable doubt.  See United States v. Moser, 123 F.3d 813, 819 (5th Cir. 1997).  The district court did not err in concluding that the totality of circumstances showed that Oliver's confession was voluntary.  See United States v. Mullin, 178 F.3d 334, 341 (5th Cir.), cert. denied, 120 S. Ct. 454 (1999).

AFFIRMED.